*In re* MARRIAGE OF WILSON (Bruce A. Wilson, Petitioner-Appellant, v. Kathryn M. Wilson, n/k/a Kathryn M. Hamann, Respondent-Appellee).

First District (5th Division)   No. 1—90—1299

Opinion filed January 24, 1992.

116

William A. Ensing, of Fuchs & Roselli, Ltd., of Chicago, for appellant.

James B. Pritikin, P.C., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Petitioner, Bruce A. Wilson, appeals from an order dismissing with prejudice his petition to modify a property settlement agreement which required him to pay maintenance to respondent, Kathryn M. Wilson. He argues that the agreement did not require a change in the tax code to adversely affect him before he could file a petition to modify the agreement. For the following reasons, we reverse and remand.

The parties' marriage was dissolved on April 23, 1986. The maintenance provision of their property settlement agreement stated:

"The Husband shall pay to the Wife as and for her maintenance and support a specific monthly amount each month as follows:

a. The sum of $17,000.00 on the first day of the first month after the date of this Agreement, and the further sum of $4,500.00 per month *** for a period of 72 additional consecutive months thereafter, as required by Sections 71 and 215 of the Internal Revenue Code of 1954 as amended in order to preserve the deductibility of said payments; starting with the first day of the first month after the date of this Agreement. It is further agreed that: (i) *in the event said Sections of the Code are hereafter changed so as to affect the aforesaid 73 consecutive month period currently in existence as a requirement of preserving the deductibility of maintenance payments,* and (ii) the Wife's income shall increase substantially (but only upon the happening of both such events), *then the Husband shall have the right to petition the Court for an adjustment of his aforesaid maintenance payments.*" (Emphasis added.)

At the time the parties entered into the agreement, the Internal Revenue Code provided that maintenance payments in excess of $10,000 in one year could only be deducted from the payor's gross income if the payments continued for 73 consecutive months. (I.R.C. §71(f) (1986).) Subsequently, the tax code was amended and reduced the required period from 73 months to 37 months. I.R.C. §71(f) (1988).

On November 9, 1988, Bruce petitioned the court to modify the maintenance provision of the agreement. He alleged that an amendment to the tax code changed the required period from 73 months to 37 months and that Kathryn's income had increased substantially. He requested the court to modify the agreement and terminate maintenance payments after the 37th month, reimburse him for excess payments, and reduce future payments.

Kathryn answered the petition denying the material allegations.

In a hearing, Bruce argued he was entitled to petition the court to modify the maintenance payments because both conditions of the agreement had occurred. He contended that the tax code had changed the required period from 73 months to 37 months but conceded that the change did not affect his ability to deduct his maintenance payments to Kathryn. Kathryn responded that the first condition was not satisfied because the change in the code did not affect Bruce.

The judge interpreted the agreement as requiring the change in the tax code to adversely affect Bruce's ability to deduct the maintenance payments before he could petition the court to modify the agreement. Because the change in the tax code did not affect Bruce, the judge dismissed the petition with prejudice on June 12, 1989.

Within 30 days, Bruce filed a motion to vacate which was denied and he now appeals.

OPINION

■ The terms of a property settlement agreement are enforceable as a contract. (Ill. Rev. Stat. 1989, ch. 40, par. 502(e).) The interpretation of the agreement is a question of law, and a court should construe the agreement to give effect to the intent of the parties. (*Rimkus v. Rimkus* (1990), 199 Ill. App. 3d 903, 557 N.E.2d 638.) The parties' intent must be ascertained from reading the language of the agreement as a whole, giving the words their plain and obvious meaning. *In re Marriage of Holderrieth* (1989), 181 Ill. App. 3d 199, 536 N.E.2d 946.

Bruce argues that the trial judge's interpretation of the agreement ignored its plain language. He contends that the agreement only

required an amendment to the tax code to affect the 73-month period required to preserve a deduction for maintenance payments. Because the code was amended, reducing the required period from 73 months to 37 months, the condition was satisfied although the amendment did not affect his ability to deduct his maintenance payments to Kathryn. Bruce notes that contrary to the judge's interpretation, the agreement does not state that the change to the tax code had to affect his ability to deduct the payments.

On the other hand, Kathryn argues that the judge's interpretation was correct and the agreement requires the amendment to the tax code to adversely affect Bruce's ability to deduct the maintenance payments he made to her. Because Bruce concedes that the change did not affect him, he cannot petition the court to modify the agreement.

Bruce responds that, contrary to Kathryn's argument, any change to the tax code after the date of the agreement would have been prospective and would not have affected his ability to deduct the maintenance payments.

■ The agreement provided that Bruce could petition the court to adjust his maintenance payments if the tax code "changed so as to affect the aforesaid 73 consecutive month period currently in existence as a requirement of preserving the deductibility of maintenance payments." This phrase refers to the requirement of the tax code, in effect at the time of the agreement, that maintenance payments in excess of $10,000 in one year continue for 73 months to be deductible. The language used indicates that the change to the tax code had to "affect" the required 73-month period then in existence. There were no other requirements in that phrase pertaining to the tax code. Specifically, contrary to Kathryn's argument, there was no stated requirement that the change in the tax code had to affect Bruce's ability to deduct the maintenance payments. If the parties intended that the change had to adversely affect Bruce's ability to deduct his maintenance payments to Kathryn, they would have stated that in the agreement. To construe the agreement according to Kathryn's argument would require reading words into the agreement that are not present. Further, the condition would have been useless because, as Bruce notes, any future change to the tax code would not have affected him.

Additionally, reading the agreement as a whole, the condition that the 73-month period in the tax code had to change was coupled with the condition that Kathryn's income had to substantially increase. It is clear that based on these two conditions, the parties intended that Bruce could benefit from a change to the tax code's requirement of

continuing maintenance payments for 73 months if Kathryn was in a financial position to accept a reduction in the length of time maintenance payments continued.

The first condition of the agreement only required that an amendment to the tax code affect the 73-month period. Because the tax code was amended, changing the required period from 73 months to 37 months, the first condition of the agreement was satisfied. As a result, the trial judge erred in dismissing Bruce's petition to modify the agreement on the basis that the first condition was not satisfied.

Reversed and remanded.

McNULTY, P.J., and GORDON, J., concur.